IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

KARA LYNN BROKENLEG,
also known as Kara Lynn Gray,

                          Plaintiff,

                                        Civ. Action No.
        v.                              5:12-CV-407 (MAD/DEP)

DALE SHUTE, President of Webb Hollow
Development, Inc.*, et al.*

                    Defendants.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

KARA LYNN BROKENLEG*, Pro Se*
P.O. Box 68
Nedrow, New York 13120

FOR DEFENDANTS:

[NO APPEARANCE]

REPORT AND RECOMMENDATION

        Plaintiff Kara Lynn Brokenleg, who is proceeding *pro se*,

commenced this action more than four months ago.  Since the filing of her

complaint, despite prodding from the court, it does not appear that the

plaintiff has properly effectuated service upon all of the named

defendants, nor have the defendants appeared in the action.  In light of

these circumstances and plaintiff's failure to provide a status report detailing her efforts to effectuate service to the court, as directed, I recommend that plaintiff's complaint be dismissed, without prejudice, for failure to prosecute.

I.    BACKGROUND

Plaintiff commenced this action on March 6, 2012, asserting civil rights claims pursuant to 42 U.S.C. § 1983.  Dkt. No. 1. In her complaint, plaintiff lists Dale Shute, Craig L. Shute, and Webb Hollow Development, Inc. as the named defendants, and asserts, *inter alia*, that her constitutional rights were violated by defendants' actions.   While her complaint is less than clear, it appears that plaintiff's claims stem from defendants' efforts to remove her from her residence, based upon her inability to pay rental income, by seeking an judgment of eviction from a local town justice court.[1]  Plaintiff contends that as a Native American she is protected from defendants' eviction efforts.

Upon commencement of this action and plaintiff's payment of the $350.00 filing fee, summonses together with a General Order 25 packet

---

[1]     An application by the plaintiff, filed on April 11, 2012, seeking a preliminary injunction and/or temporary restraining order preventing defendants from evicting her from her residence, was denied by order issued by District Judge Mae A. D'Agostino on April 16, 2012.  *See* Dkt. No. 6.

were issued by the clerk and provided to the plaintiff on March 6, 2012 for service upon the defendants. *See* Dkt. Nos. 2 and 3.   Thereafter plaintiff filed with the court a proof of service reflecting that the summons and complaint were served at 2913 Webb Road, Lafayette, New York 13084, the address listed in plaintiff's complaint for two of the three named defendants, Shute & Webb Hollow Development, Inc. and Dale Shute. Dkt. No. 4.  The proof of service filed with the court, however, does not reflect who was served at that residence. *Id.*  There has been no appearance by or on behalf of any of the named defendants in the action.

A routine case management review of the docket in this case, conducted on May 21, 2012, revealed that despite the passage of more than two months following issuance of summonses in the case, up until that time there had been no response to plaintiff's complaint filed by the defendants.  As a result, by text order issued on that date, I ordered Ms. Brokenleg to advise the court in writing, by June 4, 2012, as to the status of this action. *See* Text Order Dated 5/21/12.  Based upon plaintiff's failure to comply with that text order, on June 12, 2012, I issued a second text order, requiring her to show cause why the action should not be dismissed for failure to prosecute, based upon her inaction, by filing an

affidavit with the court on or before June 26, 2012. *See* Text Order Dated 6/12/12. That notice specifically warned that in the event of non-compliance with the order I would recommend to the assigned trial judge that the case be dismissed for failure to prosecute. *Id.* Despite that directive plaintiff has failed to comply with the court's order.

## II.    DISCUSSION

Though pending for four months, this case remains stagnant. There is no indication, notwithstanding the passage of significant time since inception of the action, that defendant Craig L. Shute has been served, and it is doubtful whether service was properly effectuated on the remaining two defendants.[2] In any event, assuming proper service did occur, those defendants have not appeared, and plaintiff has taken no actions to seek the entry of default a judgment against them. Significantly, despite receiving a directive requiring her to notify the court concerning the status of this action the plaintiff has failed to do so, and she has not requested that the court extend the deadline. The implication

---

[2]    Under Rule 4(m) of the Federal Rules of Civil Procedure, service of a summons is required to be made within one hundred twenty days of the date of issuance, absent a court order extending that period. This court's local rules shorten the time for service from one hundred twenty days to sixty days. *See* N.D.N.Y.L.R. 4.1(b).

4

from this manifest disinterest in the case is that the plaintiff no longer intends to prosecute the claims set forth in her complaint.

Among the potential consequences associated with a plaintiff's disinterest in pursuing his or her claims is dismissal for failure to prosecute. *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993). Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Cnty. Independent Sch. Dist.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). This power to dismiss may be exercised when necessary to achieve the orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)). The authority of a court to dismiss an action for failure to prosecute is inherent, and may be exercised *sua sponte*. *Lindsey v. Loughlin*, 616 F. Supp. 449, 453 (E.D.N.Y. 1985) (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89 ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent

5

power,' governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs so as to achieve the orderly

and expeditious disposition of cases.")).

The question of whether a Rule 41(b) dismissal for failure to comply

with an order of the court and/or for failure to prosecute is warranted is

informed by five factors, including:

> 1) the duration of the plaintiff's failure to comply with
> the court order; 2) whether plaintiff was on notice that
> failure to comply would result in dismissal; 3) whether
> the defendants are likely to be prejudiced by further
> delay in the proceedings; 4) a balancing of the court's
> interest in managing its docket with the plaintiff's
> interest in receiving a fair chance to be heard; and 5)
> whether the judge has adequately considered a
> sanction less drastic than dismissal.

See Shannon v. Gen. Elect. Co., 186 F.3d 186, 193 (2d Cir. 1999) (failure

to prosecute action) (citation and internal quotation marks omitted); Lucas

v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of

court) (citations omitted).

I have carefully evaluated these five factors and find that they weigh

decidedly in favor of dismissal.  Despite a notice from the court requiring

that she file a status report, plaintiff has persisted in her silence for a

period of four months since the issuance of a summons and General

6

Order 25 packet by the court clerk on March 6, 2012. The court's text orders squarely placed the plaintiff on notice that her failure to provide the required status report would likely result in dismissal of the action.  These factors, in combination with the inherent prejudice to defendants resulting from any delay in the proceedings, the court's interest in managing its docket, and consideration of less drastic sanctions, convince me that dismissal of plaintiff's complaint in this matter is justified.  *See LaGrande v. Albany Police Dep't*, No. 1:07-CV-757, 2008 WL 4021828, at * 1 (N.D.N.Y. Aug. 25, 2008) (Homer, M.J.).

III.    SUMMARY AND RECOMMENDATION

The court's records fail to reveal that any meaningful steps have taken by the plaintiff to pursue her claims in this action since commencing this action four months ago and the denial of her request for interim injunctive relief.  Despite a directive requesting information concerning the status of the action, plaintiff has failed to comply and has provided no information to the court concerning the measures taken to continue this action, or from which the court could meaningfully gauge her level of persistence and enthusiasm for pursuing the claims set forth in this complaint.  Accordingly, based upon plaintiff's failure to comply with a

directive from the court, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED, without prejudice, for failure to prosecute.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within FOURTEEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated:    July 20, 2012
          Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

8