**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**KARA LYNN BROKENLEG,**
**also known as Kara Lynn Gray,**

                         **Plaintiff,**

   vs.                                             5:12-cv-407
                                                         (MAD/DEP)

**DALE SHUTE, President of Webb**
**Hollow Development Inc.; CRAIG L.**
**SHUTE, Vice President of Webb Hollow**
**Development Inc.; WEBB HOLLOW**
**DEVELOPMENT INC.,**

                         **Defendants.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

**KARA LYNN BROKENLEG**
**also known as Kara Lynn Gray**
P.O. Box 68
Nedrow, New York 13120
Plaintiff  *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

      Plaintiff, who is proceeding *pro se*, commenced this action alleging that Defendants violated her rights under, among other things, the Americans with Disabilities Act and 42 U.S.C. § 1983.  *See* Dkt. No. 1 at 4.  Moreover, Plaintiff appears to seek an order declaring that she is entitled to 160 acres of sovereign land pursuant to the Dawes Act of 1886, which provided for grants of land to Native Americans.  *See id.* at 2.  While her complaint is less than clear, it appears that Plaintiff's claims stem from Defendants' efforts to remove her from her residence, based upon her inability to pay rental income.  *See id.*  Plaintiff claims that because she is a Native American, she is protected from Defendants' eviction efforts.

Upon commencement of this action, summonses together with a General Order 25 packet were issued by the Clerk of the Court and provided to Plaintiff for service upon Defendants. *See* Dkt. Nos. 2 and 3. Thereafter, Plaintiff filed with the Court a proof of service reflecting that the summons and complaint were served at 2913 Webb Road, Lafayette, New York 13084 – the address listed for Defendants Shute & Webb Hollow Development, Inc. and Dale Shute. *See* Dkt. No. 4. The proof of service, however, does not reflect who was served at that residence. *See id.* Defendants have not yet appeared in this action.

On May 21, 2012, Magistrate Judge Peebles issued a text order directing Plaintiff to advise the Court, in writing by June 4, 2012, regarding the status of this action. Plaintiff failed to comply with this order, and on June 12, 2012, Magistrate Judge Peebles issued a second text order, requiring Plaintiff to show cause by June 26, 2012 why the action should not be dismissed for failure to prosecute. In his June 12, 2012 text order, Magistrate Judge Peebles specifically warned Plaintiff that if she fails to comply he would recommend that the Court dismiss this action for failure to prosecute. Plaintiff, however, again failed to comply with Magistrate Judge Peebles' order.

In a Report and Recommendation dated July 20, 2012, Magistrate Judge Peebles recommended that the Court dismiss this action in light of Plaintiff's failure to prosecute and to obey court orders. *See* Dkt. No. 7. Specifically, Magistrate Judge Peebles found that,

> [t]hough pending for four months, this case remains stagnant. There is no indication, notwithstanding the passage of significant time since inception of the action, that defendant Craig L. Shute has been served, and it is doubtful whether service was properly effectuated on the remaining two defendants. In any event, assuming proper service did occur, those defendants have not appeared, and plaintiff has taken no actions to seek the entry of default a judgment against them. Significantly, despite receiving a directive requiring her to notify the court concerning the status of

> this action the plaintiff has failed to do so, and she has not requested that the court extend the deadline.

*See id.* at 4.[1]  Thereafter, Magistrate Judge Peebles considered the five factors the court is required to consider in determining whether dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is appropriate. *See id.* at 6. Having considered the relevant factors, Magistrate Judge Peebles recommended that the Court find that they "weigh decidedly in favor of dismissal." *See id.*

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). When a party, however, files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if

---

[1] Under Rule 4(m) of the Federal Rules of Civil Procedure, service of a summons is required to be made within one hundred twenty days of the date of issuance, absent a court order extending that period. This Court's Local Rules shorten the time for service from one hundred twenty days to sixty days. *See* N.D.N.Y.L.R. 4.1(b).

it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

> Rule 41(b) of the Federal Rules of Civil Procedure provides that,
>
>> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal of an action with prejudice under this rule is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citation omitted). This is particularly true where a plaintiff is proceeding *pro se*. *See, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's Rule 41(b) dismissal of a *pro se* litigant's complaint "only when the circumstances are sufficiently extreme").

Notwithstanding a plaintiff's *pro se* status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to prosecute the action "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As explained in *Lyell Theatre*, this authority "is vital to the efficient administration of

judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42.

In determining whether dismissal for failure to prosecute is warranted, the district court must consider the following factors, none of which are dispositive: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).

Having reviewed Magistrate Judge Peebles' July 20, 2012 Report and Recommendation and the applicable law, the Court finds that Magistrate Judge Peebles correctly recommended that the Court should dismiss the claims against Defendants without prejudice in light of Plaintiff's failure to prosecute and obey court orders.  Courts in the Second Circuit have found similar delays to be sufficient to warrant dismissal. *See, e.g., Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (stating that it is possible that a delay of thirty-nine days could be considered significant); *Deptola v. Doe*, No. 04-CV-1379, 2005 WL 2483341, *2 (E.D.N.Y. Oct. 7, 2005) (dismissing case for failure to prosecute three months after *pro se* plaintiff failed to appear at a scheduling conference); *Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01-CV-3417, 2002 WL 1770813, *2-*4 (S.D.N.Y. July 31, 2002) (dismissing for failure to prosecute almost four months after plaintiff failed to respond to a court order); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute when plaintiff "ceased to prosecute . . . action at all" for three months); *Antonios A.*

5

*Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311, 2000 WL 1677984, *2 (S.D.N.Y. Nov.8, 2000) (finding that delay of four months warranted dismissal); *Peters-Turnbull v. Board of Educ. of the City of N.Y.*, No. 96-CV-4914, 1999 WL 959375, *2-*3 (S.D.N.Y. Oct.20, 1999) (stating that delay of between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss").  Since all delay in this case is attributable to Plaintiff, this factor clearly favors dismissal.

Moreover, Plaintiff received adequate notice that her failure to comply with Magistrate Judge Peebles' orders could lead to dismissal and the Court agrees that no sanction short of dismissal is appropriate.  Mindful of the fact that *pro se* cases should not readily be dismissed for procedural deficiencies, the Court concludes that Plaintiff's failures in this case go beyond procedural deficiencies and constitute actual neglect.  Plaintiff has failed to prosecute this action diligently, and has failed to comply with orders of this Court.  As such, the Court finds that each of the factors relevant to the Rule 41(b) analysis favors dismissal; and, therefore, the Court dismisses Plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' July 20, 2012 Report and Recommendation is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** without prejudice in light of her failure to prosecute this action and comply with orders of the court; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 28, 2012
  Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge